UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

KAY BOURABAH,                                    :
                                                 :
                              Plaintiff,         :
            -against-                            :
                                                 :
                                                 :                    08 CV 05693 (LTS)
                                                 :
NEW YORK STATE DIVISION OF HOUSING               :
AND COMMUNITY RENEWAL and                        :
SOUTHBRIDGE TOWERS, INC.                         :
                                                 :
                              Defendants.        :
———————————————————————X

# MEMORANDUM OF LAW IN SUPPORT OF SOUTHBRIDGE TOWERS, INC.'S MOTION TO DISMISS

NORRIS MCLAUGHLIN & MARCUS, P.A.
875 Third Avenue
18th floor
New York, NY 10022

This memorandum is respectfully submitted on behalf of defendant Southbridge

Towers, Inc. ("Southbridge") in support of its motion to dismiss the Complaint of Plaintiff Kay

Bourabah, dated June 23, 2008 (the "Complaint") pursuant to Federal Rule of Civil Procedure

Rules 12(b)1 and 12(b)6.

## PRELIMINARY STATEMENT

Plaintiff, Kay Bourabah, has brought this federal court action after a New York

State Supreme Court Justice dismissed her nearly-identical state court action, on the merits (or

lack thereof).

Plaintiff resides in a state subsidized cooperative apartment under the so-called

Mitchell-Lama program, which apartment is owned by Defendant Southbridge.  Co-Defendant

New York State Division of Housing and Community Renewal ("DHCR") is the state agency

charged with supervision of State-assisted limited profit housing companies, including

Southbridge.  Both Southbridge and DHCR made initial determinations, under the regulatory

scheme governing this subsidized housing program, that Plaintiff is not qualified to succeed to

the shares of a cooperative apartment that was previously jointly owned by Plaintiff's mother and

step-father.  DHCR affirmed Southbridge's determination in a nine-page order detailing the

factual background of Plaintiff's application and the applicable regulatory standard, and devoting

three single-space pages to explaining the reason for the denial of the Plaintiff's appeal of

Southbridge's determination.  Plaintiff then brought an Article 78 proceeding in state court,

alleging that the procedure by which her succession rights were determined violated her due

2

process rights.  New York State Supreme Court Justice Jane S. Soloman affirmed the DHCR

Order and dismissed the Article 78 petition with an eleven-page Decision and Order dated

February 26, 2008.[1]  Unhappy with the outcome, Plaintiff followed with this federal Complaint.

**FACTS**

Southbridge hereby adopts and incorporates by reference the facts as set forth in

co-defendant DHCR's brief.

**STANDARD OF REVIEW**

When considering a motion to dismiss under Fed. R. Civ. P.12 (b)(6), "all factual

allegations must be accepted as true. . . and all reasonable inferences must be made in the

plaintiff's favor." Reade-Alvarez v. Eltman, Etlman & Cooper, 369 F. Supp. 2d 353, 358

(E.D.N.Y. 2005).  However, while the court must take the plaintiff's allegations as true, "the

claim may still fail as a matter of law . . . if the claim in not legally feasible." Fitzpatrick v. Sony

BMG Music Entertainment, No. 07 CV 2933, 2007 WL 2398801, * 2 (S.D.N.Y. Aug.15, 2007).

Under Fed. R. Civ. P. 12 (b)(1), the Court must accept as true all material factual allegations in

the complaint, but should not draw inferences favorable to the party asserting jurisdiction. See

Shipping Fin. Servs. Corp. v. Dakos, 140 F.3d 129, 131 (2d Cir. 1998); Atl. Mut. Ins. Co. v.

Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992).  "A case is properly dismissed for

lack of subject matter jurisdiction under Rule 12 (b)(1) when the district court lacks the statutory

or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir.

2000).

---

[1]    Defendant Southbridge hereby adopts and incorporates all exhibits accompanying DHCR's Motion.

3

253193-3

## ARGUMENT

## I.    PLAINTIFF'S CLAIMS ARE PRECLUDED AS A MATTER OF LAW

### A.    Plaintiff's Claims Are Barred by the Doctrines of *Res Judicata* and Collateral Estoppel

It is well settled that a court may dismiss a claim on *res judicata* or collateral estoppel grounds on a Rule 12 (b)(6) motion. See, e.g., Sassower v. Abrams, 833 F.Supp. 253, 264, fn 18 (S.D.N.Y. 1993). "*Res judicata* and collateral estoppel are . . . related doctrines that overlap but have differing scopes:  In essence, the functional difference between claim preclusion and issue preclusion is that while only the former can operate to prevent litigation of a matter that has never been decided, both prevent relitigation of an issue of fact or law that has already been necessarily decided as part of a valid, final judgment." Sassower, 833 F. Supp. at 265.  In this case, as discussed thoroughly in co-defendant DHCR's brief, all of Plaintiff's claims have already been litigated in New York state court and thus are barred, both by the doctrine of collateral estoppel or issue preclusion and by the doctrine of *res judicata* or claim preclusion. Plaintiff has already had a full and fair opportunity to litigate all of the issues she now raises, and in fact did litigate all of the issues she now raises, to a final judgment on the merits in New York State Supreme Court.[2]  Having done so, she cannot now be heard to bring the same issues before this United States District Court, regardless of her dissatisfaction with the earlier result. Southbridge adopts and hereby incorporates the arguments concerning *res judicata* and collateral estoppel made by DHCR in its brief, and will not here repeat them.

---

[2]    Plaintiff's federal Complaint is vague as to the exact causes of action asserted, and it is therefore impossible to say whether the claims are identical to those asserted in state court. However, where the same transaction, the same set of facts, and the same evidence are involved, the classification of the claims will not affect the preclusion

4

253193-3

## B.    Plaintiff's Claims against Southbridge Are Precluded

It is of no moment that Southbridge was never joined as a party in the state court Article 78 proceeding. First, Plaintiff did in fact move to join Southbridge as a defendant after filing her state court action. This motion was denied based on Justice Solomon's findings affirming the DHCR's Order. <u>See</u> State Court Decision and Judgment at 11. This finding is an adjudication on the merits of the Plaintiff's purported claims against Southbridge, and these claims are, accordingly, *res judicata*.[3]

Moreover, the party against whom preclusion is asserted, <u>i.e.</u>, the Plaintiff, was a party to the state court action and had, as discussed above, a full and fair opportunity to litigate the issue in the state court action. <u>See</u> <u>Koch v. Consolidated Edison Co. of N.Y., Inc.</u>, 62 N.Y.2d 548, 554-55, 479 N.Y.S.2d 163, 166-67 (1984) (adopting Restatement rule that "[a] party precluded from relitigating an issue with an opposing party . . . is also precluded from doing so with another person unless the fact that he lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him an opportunity to relitigate the issue."); <u>Sassower</u>, 833 F. Supp. at 264 ("Collateral estoppel . . . bars a party from relitigating "an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point.") (internal quotations omitted). Thus, even if Plaintiff were not barred by the doctrine of *res judicata* (which she is), Plaintiff would still be collaterally estopped from asserting the claim against Southbridge.

---

analysis. <u>See</u> <u>Duffy v. Spitzer</u>, No. CV-06-6763, 2007 WL 2874823, *5 (E.D.N.Y. September 26, 2007).
[3]    *Res judicata* would also bar this claim on the ground that Southbridge Towers was in privity with DHCR. <u>See</u> <u>Sassower</u>, 833 F. Supp. at 264.

253193-3

The Second Circuit has said that "finality" in the context of a determination of *res judicata* "may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." <u>Lummus Co. v. Commonwealth Oil Refining Co.</u>, 297 F.2d 80 (2d Cir. 1961). The facts here far surpass this standard, in that all of Plaintiff's claims have already been fully litigated in New York state court. Plaintiff is barred from now bringing the same factual and legal issues before a new forum.

## II.    THE COURT LACKS SUBJECT MATTER JURISDICTION

Plaintiff's claims are similarly barred under the Rooker-Feldman doctrine. Southbridge hereby adopts and incorporates the arguments of DHCR concerning the Rooker-Feldman doctrine and does not here repeat them.

6

253193-3

## CONCLUSION

For the foregoing reasons, Defendant Southbridge Towers, Inc. respectfully requests that the Court grant its motion to dismiss and award sanctions, including costs and attorney's fees pursuant to Fed. R. Civ. P. 11(c), and grant such other relief as this Court deems just and proper.

Dated: August 26, 2008
      New York, NY


NORRIS MCLAUGHLIN & MARCUS, P.A.

By:    /s/Karen Bekker
        Dean M. Roberts (DMR-0509)
        Karen Bekker (KB-9077)
   875 Third Avenue
   18th floor
   New York, NY 10022
   Attorneys for Defendant Southbridge Towers, Inc.

To: Robert A. Katz
    277 Broadway, Suite 1410
    New York, NY  10007
    Attorney for Plaintiff Kay Bourabah

    Roberta L. Martin
    Assistant Attorney General of the State of New York
    120 Broadway, 24th Floor
    New York, New York 10271
    (212) 416-6696/8610
    Attorney for Defendant Division of Housing and Community Renewal

253193-3