UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
KAY BOURBAH,                                          :     Electronically Filed
                                                      :
                Plaintiff,              :
    -against-                                        :
                                                      :
                                                      :     08 CV 05693 (LTS)
                                                      :
NEW YORK STATE DIVISION OF HOUSING                    :
AND COMMUNITY RENEWAL and                             :
SOUTHBRIDGE TOWERS, INC.                              :
                                                      :
                Defendant.              :
------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF STATE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

                            ANDREW M. CUOMO
                            Attorney General of the
                             State of New York
                            <u>Attorney for Defendant</u>
                            Division of Housing and
                            Community Renewal
                            120 Broadway, 24th Floor
                            New York, New York 10271
                            (212) 416-6696/8610

ROBERTA L. MARTIN
Assistant Attorney General
 <u>of Counsel</u>

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................... ii

Preliminary Statement ......................................................... 1

STANDARD OF REVIEW .................................................... 2

ARGUMENT .................................................................... 4

    PLAINTIFF'S CLAIMS ARE
    BARRED BY THE ELEVENTH AMENDMENT .................. 4

    PLAINTIFF'S §1983 CLAIMS CANNOT
    BE MAINTAINED AGAINST THE STATE ...................... 4

    THIS COURT LACKS JURISDICTION
    BASED ON YOUNGER ABSTENTION GROUNDS ............... 5

    PLAINTIFF'S CLAIMS ARE ALSO BARRED
    UNDER THE ROOKER-FELDMAN DOCTRINE .................. 8

    PLAINTIFF'S CLAIMS ARE BARRED
    UNDER THE DOCTRINE OF RES JUDICATA .................... 9

A. There Has Already Been an Adjudication on the Merits ................... 10

B. The Previous Action Involved the Plaintiff .............................. 11

C. The Claims Were/or Could Have Been Raised in the Prior Action ............ 11

CONCLUSION .................................................................. 12

## TABLE OF AUTHORITIES

**Cases**                 **Page**

Akhenaten v. Najee LLC,
    544 F. Supp. 2d 320, 2008 U.S. Dist. LEXIS 26555 (S.D.N.Y. Mar. 31,
    2008) ................................................................... 10

Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,
    968 F.2d 196 (2d Cir. 1992) ................................................ 2

Bell Atl. Corp. v. Twombley,
    127 S. Ct. 1955 (2007) .................................................... 3

Christ the King Regional High School v. Culvert,
    815 F.2d 219 (2d Cir.), cert. denied, 484 U.S. 830 (1987) .................. 5, 6

Cieszkowska v. Gray Line New York,
    295 F.3d 204, 2002 U.S. App. LEXIS 13542 (2d Cir. 2002) ................... 10

D.C. Court of Appeals v. Feldman,
    460 U.S. 462 (1983) ...................................................... 8

Diamond "D" Construction Corp. v. McGowan,
    282 F.3d 191 (2d Cir. 2002) ............................................ 5, 6

Dube v. State University of New York,
    900 F.2d 587 (2d Cir. 1990) ............................................... 4

Duffy v. Spitzer,
    2007 U.S. Dist. LEXIS 72202 (E.D.N.Y. Sept. 26, 2007) .................... 10

Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,
    544 U.S. 280 (2005) ...................................................... 8

Falardo v. New York City Police Dep't,
    2008 U.S. Dist. LEXIS 54778 (S.D.N.Y. July 17, 2008) .................... 10

Fitzpatrick v. Sony BMG Music Entertainment,
    No. 07 CV 2933 (SAS), 2007 WL. 2398801 (S.D.N.Y. Aug.15, 2007) ........... 3

Fowler v. Am.LawyerMedia, Inc,
    No. 01 CV 6039 (DAB) 2001 WL. 1646537 (S.D.N.Y. 2001) ................... 3

Hansel v. Town Court,
    56 F.3d 391 (2d Cir.), cert. denied, 516 U.S. 1012 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . 6

Harris v. New York State Department of Health,
    202 F. Supp. 2d 143 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Hoblock v. Albany County Board of Elections,
    422 F.3d 77 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Huffman v. Pursue, Ltd.,
    420 U.S. 592 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

Idaho v. Coeur d'Alene Tribe of Idaho,
    521 U.S. 261 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Kaufman v. Kaye,
    466 F.3d 83 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Magee v. Nassau County Medical Ctr.,
    27 F. Supp. 2d 154 (E.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Makarova v. United States,
    201 F.3d 110 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Marharaj v. BankAmerica Corp.,
    128 F.3d 94 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

McKoy v. Henderson,
    2007 U.S. Dist. LEXIS 5807, 05 civ. 1535 (DAB)(KNF)
    (S.D.N.Y. Jan. 26, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Middlesex County Ethics Committee v. Garden State Bar Assoc.,
    457 U.S. 423 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

Monahan v. New York City Dep't of Corr.,
    214 F.3d 275 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

N.Y. State NOW v. Pataki,
    261 F.3d 156 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,
    477 U.S. 619 (1986) ................................................... 5

Pennhurst State Sch. & Hosp. v. Halderman,
    465 U.S. 89 (1984) .................................................... 4

Pennzoil Co. v. Texaco Inc.,
    481 U.S. 1 (1987) ..................................................... 6

Pike v. Freeman,
    266 F.3d 78  U.S. App. LEXIS 21302 (2d Cir. Sept. 26, 2001) .......... 10, 11

Rooker v. Fid. Trust Co.,
    263 U.S. 413 (1923) ................................................... 8

Ruhgas A.G. v. Marathon Oil Co.,
    526 U.S. 574 (1999) ................................................... 3

Sassower v. Abrams,
    833 F. Supp. 253 (S.D.N.Y. 1993) ...................................... 9

Shipping Fin. Servs. Corp. v. Dakos,
    140 F.3d 129 (2d Cir. 1998) ........................................... 2

Spargo v. N.Y. State Comm'n on Judicial Conduct,
    351 F. 3d 65 (2d Cir. 2003), cert. denied, 541 U.S. 1085 (2004) ....... 7

Spencer v. Doe,
    139 F.3d 107 (2d Cir. 1998) ........................................... 5

Temple of the Lost Sheep, Inc. v. Abrams,
    930 F.2d 178 (2d Cir.), cert. denied, 534 U.S. 1128 (2002) ............ 6

United States ex rel Kreindler & Kreindler v. United Technologies Corp.,
    985 F.2d 1148 (2d Cir. 1993) .......................................... 3

University Club v. City of New York,
    842 F.2d 37 (2d Cir. 1988) ......................................... 5, 6

Waldman v. Village of Kiryas Joel,
    207 F.3d 105 (2d Cir. 2000) .......................................... 12

Will v. Michigan Department of State Police,
    491 U.S. 58 (1989) .................................................... 5

Wynn v. AC Rochester,
    273 F.3d 153 (2d Cir. 2001) ........................................... 3

Younger v. Harris,
    401 U.S. 37 (1971) ............................................. 2, 5, 6, 7

**United States Constitution**

    Eleventh Amendment .................................................. 2, 4
    Fourteenth Amendment ................................................... 2

**Federal Statutes**

42 U.S.C. § 1983 ........................................................ 2, 4, 5

**Federal Rule of Civil Procedure** ("Fed. R. Civ. P.")

Rule 12(b)(1) ......................................................... 2, 3, 12
Rule 12(b)(6) ............................................................ 3, 12

**State Statutes**

Article 78 ........................................................... 1, 6, 10, 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KAY BOURBAH,

                        Plaintiff,

    -against-

                                                        08 CV 05693 (LTS)

NEW YORK STATE DIVISION OF HOUSING
AND COMMUNITY RENEWAL and
SOUTHBRIDGE TOWERS, INC.

                        Defendant.
----------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF STATE**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**Preliminary Statement**

Plaintiff, Kay Bourabah resides in an apartment which is managed by Defendant, SouthBridge Towers Inc. ("SouthBridge"). Defendant, the New York State Housing and Community Renewal ("DHCR" or "State Defendant") is a state agency charged with supervision of State-assisted limited profit housing companies, of which SouthBridge is one. State Defendant issued a determination denying Plaintiff's request for succession rights to the premises at issue. Plaintiff filed an Article 78 petition seeking judicial review of that determination. Plaintiff's amended petition included her claim that the procedure by which her succession rights were determined violated her due process rights. By decision and order of February 26, 2008, New York State Supreme Court Justice Soloman denied plaintiff's petition and dismissed the proceeding and specifically addressed her constitutional claim, finding that the procedures provided by the regulation to determine succession rights satisfy due process.[1]

---

[1] Decision and order of February 26, 2008, by Justice Jane Solomon, page 8, lines 4-5 annexed to plaintiff's complaint as Exhibit "D".

Plaintiff commenced this § 1983 this action against State Defendant and landlord Southbridge Towers, Inc., making claims which were, or which could have been, in her State Court proceeding, i.e. that the procedure by which the plaintiff's rights were adjudicated violated her federal Due Process and Equal Protection rights under the Fourteen Amendment of the United States Constitution. See plaintiff's complaint ¶¶ 33, 37. Plaintiff essentially asks this Court to review and overturn the determination of the State Court judge, direct a denovo trial in the Civil Court of the City of New York or a DHCR Administrative Law Judge, and pending such trial enjoin any proceeding which could result in plaintiff's eviction from the subject apartment. See Complaint, Wherefore Clause.

This memorandum is respectfully submitted on behalf of State Defendant in support of its motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") Rules 12 (b) (1) and (6). The motion should be granted upon the ground that the plaintiff's claims are barred by the doctrines of Eleventh Amendment Immunity, Younger abstention, Rooker-Feldman, and *res judicata,*

## STANDARD OF REVIEW

Under Rule 12(b)(1) the Court must accept as true all material factual allegations in the complaint as true but will not draw inferences favorable to the party asserting jurisdiction. See Shipping Fin. Servs. Corp. v. Dakos, 140 F.3d 129, 131 (2d Cir. 1998); Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12 (b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

2

A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that evidence establishing jurisdiction exists. Id. "The absence of such evidence jurisdiction is non-waivable; before deciding any case [federal court] are required to assure . . . the case is properly within [their] subject matter jurisdiction." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). Where, as here, a motion to dismiss is made pursuant to both Rules 12(b)(1) and 12(b)(6), the court must consider the jurisdictional question first, as lack of subject matter will render all other defenses and motions moot. See Ruhgas A.G. v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (subject matter jurisdiction goes to the power of the court to adjudicate the merits of the case); United States ex rel Kreindler & Kreindler v. United Technologies Corp., 985 F.2d 1148, 1155-56 (2d Cir. 1993). In addition, the jurisdictional question must be decided first "because a disposition of Rule 12(b)(6) is a decision on the merits, and therefore, an exercise of jurisdiction." Magee v. Nassau County Med. Ctr., 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998); See also Fowler v. Am.LawyerMedia, Inc, No. 01 CV 6039 (DAB) 2001 WL 1646537 (S.D.N.Y. 2001).

Under Rule 12(b)(6) a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. See Bell Atl. Corp. v. Twombley, 127 S.Ct. 1955, 1974 (2007);. Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir. 2007). Twombly explicitly rejected the longstanding maxim that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 1968-69. While all factual allegations must be accepted as true and all reasonable inferences must be made in the plaintiff's favor, "the claim may still fail as a matter of law . . . if the claim in not legally feasible." Fitzpatrick v. Sony BMG Music Entertainment, No.

3

07 CV 2933 (SAS), 2007 WL 2398801, at * 2, (S.D.N.Y. Aug.15, 2007).

## ARGUMENT

### PLAINTIFF'S CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT

The immunity conferred by Eleventh Amendment to the U.S. Constitution "represents a real limitation on a federal court's federal-question jurisdiction," Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 270 (1997), and bars suit in federal court against a state or its agencies absent its consent to such a suit or an express statutory waiver of immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). Plaintiff's claims against DHCR, a New York State agency are barred by the Eleventh Amendment. Id at 100 (states, their agencies and departments of the state are entitled to assert the state's Eleventh Amendment immunity). As plaintiff avers in the complaint, the New York State Division of Housing and Community Renewal is an agency of the State of New York and as such is entitled to assert the state's Eleventh Amendment immunity.   In the instant case, the State of New York has not consented to suit in federal court for § 1983 claims of the type alleged and it is well-settled that New York State and its agencies are protected from such suits by immunity under the Eleventh Amendment, regardless of whether the relief sought from them is legal or equitable in nature. See Dube v. State Univ. of New York, 900 F.2d 587, 594-95 (2d Cir. 1990).   Since the state has not consented to waive its immunity, plaintiff's claims are barred and her complaint must be dismissed.

### PLAINTIFF'S §1983 CLAIMS CANNOT BE MAINTAINED AGAINST THE STATE

The sole state defendant in this § 1983 case is DHCR, a State agency. The State and its

4

agencies are not "persons" under §1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under §1983"); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) ("[n]either a state nor one of its agencies ... is a 'person' under §1983"). As a result, courts in this jurisdiction have uniformly dismissed §1983 claims asserted against state agencies. See, e.g., Harris v. New York State Dep't of Health, 202 F. Supp. 2d 143, 178 (S.D.N.Y. 2002) (dismissing §1983 claims asserted against state agency because "neither the State nor its agencies qualify as 'persons' under §1983 ... [and] are not subject to suit under that statute"). Accordingly, plaintiff's complaint against DHCR must be dismissed.

### THIS COURT LACKS JURISDICTION BASED ON YOUNGER ABSTENTION GROUNDS

Because there is a state court proceeding from which plaintiff has appealed [2], this federal action is barred by the Younger abstention doctrine. "Federal courts are generally required to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." Diamond "D" Construction Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002), citing Younger v. Harris, 401 U.S. 37, 43-44 (1971). Younger abstention applies where the state proceedings are civil or administrative. Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619 (1986); Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423 (1983); University Club v. City of New York, 842 F.2d 37 (2d Cir. 1988); Christ the King

---

[2] Upon information and belief, plaintiff has filed a notice of appeal of the February 26, 2008 decision and order, thus plaintiff still has the right to perfect the appeal, although, there is no record of whether plaintiff has done so. See Exhibit "C" of plaintiff's notice of motion annexed to Declaration of Roberta L. Martin as Exhibit 1.

Regional High School v. Culvert, 815 F.2d 219, 223-24 (2d Cir.), cert. denied, 484 U.S. 830 (1987), and "rests foursquare on the notion" that a state proceeding constitutes a sufficient forum for the vindication of federal constitutional rights. Diamond "D," supra, 282 F.3d at 198. See also Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 12-13 (1987). Abstention is required: (1) where there is an ongoing state proceeding; (2) involving an important state interest and (3) where the plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the proceeding. Christ The King, 815 F.2d at 224. See also Hansel v. Town Court, 56 F.3d 391, 393 (2d Cir.), cert. denied, 516 U.S. 1012 (1995); Temple of the Lost Sheep, Inc. v. Abrams, 930 F.2d 178, 182 (2d Cir.), cert. denied, 534 U.S. 1128 (2002).

In University Club v. City of New York, 842 F. 2d 37, 40 (2d Cir. 1988) the Second Circuit held that the availability of Article 78 review of State proceedings satisfies the abstention requirement of sufficient opportunity for review of constitutional rights. And in N.Y. State NOW v. Pataki, 261 F.3d 156, 168 (2d Cir. 2001) the Second Circuit recognized that in an Article 78 proceeding, New York State courts are empowered to issue "common law writs of certiorari to review, mandamus, and prohibition."

All the conditions are satisfied for Younger abstention to apply here. First, Plaintiff initiated a State Court Article 78 proceeding and has filed a notice of appeal from the adverse State court determination. That appeal remains pending before the Appellate Division, First Department. Second, State Defendant clearly has an interest in its procedure promulgated to assure those individuals who are entitled to subsidized housing are indeed those who meet the requirements. Finally, plaintiff may raise all of her claims, including her constitutional claims, in state court and in fact indicated that she intends to do so at the appellate level. See Kaufman v.

Kaye, 466 F.3d 83, 87-88 (2d Cir. 2006) (abstention as regards ongoing state court proceedings is mandated because a federal plaintiff may raise his/her federal claims in the state proceedings and if (s)he is dissatisfied with the state court rulings may seek review through the New York Court of Appeals and the U.S. Supreme Court).

Abstention is mandated where a plaintiff "has 'an opportunity to raise and have timely decided by a competent state [court] tribunal' the constitutional claims at issue in the federal suit." Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F. 3d 65, 77 (2d Cir. 2003), cert. denied, 541 U.S. 1085 (2004)(quoting Middlesex County Ethics Committee v. Garden State Bar Assoc., supra, 457 U.S. at 437). Plaintiff admits that she has filed a notice to appeal the February 26, 2008 to the Appellate Division of the State of New York. See Affidavit of Kay Bourabah annexed to Order to Show Cause for Preliminary Injunction and Temporary Restraining Order ¶ 3. "The relevant question under Younger is "whether the state's procedural remedies could provide the relief sought [not] . . . whether the state will provide the constitutional ruling which the plaintiff seeks." Spargo, 351 F. 3d at 79. Moreover, a would-be plaintiff who has been subjected to a state proceeding which he seeks to challenge in federal court must first exhaust all available state appellate remedies. Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975); Kirschner v. Klemons, 225 F.3d 227, 234 (2d Cir. 2000). Abstention is required because "to avoid abstention, plaintiffs must demonstrate that state law bars the effective consideration of their constitutional claims," Spargo, 351 F. 3d at 78.

The basis for plaintiff's claims against the State is her underlying disagreement with the statutorily constructed procedure by which the State Defendant makes such determinations. Cplt. ¶ 33. Further, Plaintiff alleges that state court judge found that she was not entitled to due

process of law. Cplt. ¶ 32. All of her claims have been available to plaintiff in the state court proceeding, and in appeals from rulings by the supreme court judge. In fact, plaintiff's pre-argument statement makes clear that plaintiff intends to make the very argument that she makes before this court to the Appellate Division. See plaintiff's statement ¶ 9 of Exhibit "C" of plaintiff's Notice of Motion annexed to Martin Dec. as Exhibit 1. Because this Court must decline to interfere with on-going state proceedings, it should dismiss plaintiff's claims against the State Defendant in their entirety.

### PLAINTIFF'S CLAIMS ARE ALSO BARRED UNDER THE ROOKER-FELDMAN DOCTRINE

If for some reason plaintiff has abandoned or foregone her State court recourse, rendering the adverse State court judgment final as against her, and is now seeking instead to litigate those claims before this court, her claims are barred by the Rooker-Feldman doctrine, *see* D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), district courts lack jurisdiction "to review final judgments of a state court in judicial proceedings." Feldman, 460 U.S. at 482. The Rooker-Feldman bar applies when four elements exist:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invit[e] district court review and rejection of [that] judgment[]." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced" . . . .

Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (alterations in original) (footnote omitted) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

All four elements of Rooker-Feldman have been met in the present case. First, Plaintiff

8

was the unsuccessful litigant in the state court proceedings as evidenced by the February 26, 2008 decision and order. Second, plaintiff complains that she has been injured by a State court decision upholding the administrative determination that she does not hold succession rights in the subject apartment, and asks this court to overturn that decision. Third, plaintiff seeks by her prayer for relief this court to find in contravention of the state court decision that the procedure used by defendant violate plaintiff's due process rights. See Cmpt. ¶ 38 (2). Fourth, the Court can take judicial notice that the civil complaint upon which this action is predicated was filed on June 24, 2008 and the decision and order was rendered on February 26, 2008, thus satisfying the fourth element of the Rooker-Feldman doctrine.

## PLAINTIFF'S CLAIMS ARE BARRED UNDER THE DOCTRINE OF *RES JUDICATA*

In addition to the Rooker-Feldman bar, if plaintiff has been subject to an adverse State court judgment on the claims she asserts here, those claims are barred on *res judicata* grounds. It is well settled that a court may dismiss a claim on *res judicata* or collateral estoppel grounds on a Rule 12 (b)(6) motion. McKoy v. Henderson, 2007 U.S. Dist. LEXIS 5807, 11, 05 civ. 1535 (DAB)(KNF) (S.D.N.Y. Jan. 26, 2007) (quoting Sassower v. Abrams, 833 F.Supp. 253, 264, (S.D.N.Y. 1993)). A court may take judicial notice of and consider the complaints and the record generated in both actions without having to convert the motion to dismiss into a summary judgment motion. McKoy at 11. In the instant case, plaintiff's claims against the defendant have already been litigated in state court and thus are barred by the doctrine of *res judicata*. To demonstrate the affirmative defense of *res judicata* a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in

9

privity with them; (3) the claims asserted in the subsequent actions were, or could have been raised in the prior action. Pike v. Freeman, 266 F.3d 78 U.S. App. LEXIS 21302 (2d Cir. Sept. 26, 2001) (citing Monahan v. New York City Dep't of Corr. 214 F.3d 275, 284-85 (2d Cir. 1999).

### A.     There Has Already Been an Adjudication on the Merits.

Under the doctrine of *res judicata*, or claim preclusion, "once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose." Cieszkowska v. Gray Line New York, 295 F.3d 204, 2002 U.S. App. LEXIS 13542 (2d Cir. 2002)(quoting Marharaj v. BankAmerica Corp.128 F.3d 94, 97 (2d Cir. 1997). A final adjudication need not be a full exhaustion of all possible review in order to be considered final. Duffy v. Spitzer, 2007 U.S. Dist. LEXIS 72202, (E.D.N.Y. Sept. 26, 2007). Specifically in that case, the court found that where the state supreme court had dismissed plaintiff's petition, that the dismissal, as a final judgment, was an adjudication on the merits, even where the plaintiff could have, but did not seek review of the New York Court of Appeals. Duffy at *11, 12. Likewise in the instant case, the dismissal of plaintiff's Article 78 proceeding by the New York State Supreme Court constituted a final adjudication on the merits. Even if the plaintiff has not fully appealed the determination by the court, its decision and order are still considered a final judgment for the purposes of *res judicata*. Further, this Court has found that federal courts must give a state court decision the same preclusive effect that it would receive in state court. Falardo v. New York City Police Dep't, 2008 U.S. Dist. LEXIS 54778 (S.D.N.Y. July 17, 2008). Therefore, since the February 26,

2008 state court order must be given the same preclusive effect that it would receive in state court, this court is bound by the determination made by that court, and therefore plaintiff is precluded from bringing her claim before this court.

**B.    The Previous Action Involved the Plaintiff.**

It is undisputed that the plaintiff in the instant action is the same plaintiff that brought the Article 78 proceeding.

**C.    The Claims Were/or Could Have Been Raised in the Prior Action.**

In order to prove that a claim is precluded under the doctrine of res judicata, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 2001 U.S. App. LEXIS 21302, (2d Cir. 2001)(quoting Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir. 1999)). In the instant case, plaintiff made the identical claims in the state supreme court that she is making before this court, namely that the procedure by which State Defendant determined that she was not entitled to succession rights violated her right of due process. Plaintiff's complaint alleges that the procedure by which the Housing Company makes the initial determination violates procedural due process. See Plaintiff's complaint (hereinafter "Cplt.") ¶ 33. Moreover, even if plaintiff had not raised the claim, since the claim could have been raised, it should be precluded under the doctrine of *res judicata*. This court has found that with respect to the third element of res judicata, a claim "could have been" raised in an earlier action for res judicata purposes if the two actions involve the same "nucleus of operative fact." Akhenaten v. Najee LLC, 544 F.Supp.2d 320, 2008 U.S.

11

Dist. LEXIS 26555 (S.D.N.Y. Mar. 31, 2008)(quoting Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000)). The instant case involves the exact same "nucleus of operative facts" specifically, that the plaintiff is asserting a claim involving the transaction involving herself and State Defendant and its determination of her rights, thus even if this claim hadn't been raised in the state court, clearly they could have been such that they would be barred by the doctrine of *res judicata*.

## CONCLUSION

**FOR THE FOREGOING REASONS, DEFENDANT MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b) 1 AND 6.**

Dated:  New York, New York
        August 26, 2008

Respectfully submitted,
ANDREW M. CUOMO
Attorney General of the
State of New York
Attorney for Defendant
Division of Housing and
Community Renewal
By:

Roberta L. Martin (RM-7044)
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-6696/8610

ROBERTA L. MARTIN
Assistant Attorney General
of Counsel

AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    : SS.:
COUNTY OF NEW YORK  )

  ROBERTA L. MARTIN, being duly sworn, deposes and says:

  That she is an Assistant Attorney General in the office of ANDREW M. CUOMO, the Attorney General of the State of New York, Attorney for the State Defendant herein. On the 26th day of August, 2008, she served the annexed Memorandum of Law upon the following named persons:

| | |
|---|---|
| ROBERT A. KATZ, Esq.<br>Counsel for Plaintiff<br><u>Kay Bourabah</u><br>277 Broadway, Suite 1410<br>New York, New York 10007 | Norm Roberts, Esq.<br>Counsel for Co-Defendant<br><u>SouthBridge Towers, Inc.</u><br>Norris, McLaughlin & Marcus, PA<br>875 Third Avenue, 18th Floor<br>New York City, N.Y. 10022 |

Counsels for Petitioner and Co-Defendant respectively, in the within entitled proceeding by depositing a true and correct copy thereof, properly enclosed in a Federal Express Envelope, with postage directed to be paid by sender in a post-office box regularly maintained by them at 120 Broadway, New York, New York 10271 directed to the addresses listed by them for purposes of service.

_____
ROBERTA L. MARTIN

Sworn to before me this
August 26, 2008

_____
Assistant Attorney General
of the State of New York