UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

KAY BOURABAH,

        Plaintiff,

  -v-                                      No.  08 Civ. 5693 (LTS)(KNF)

NEW YORK STATE DIVISION OF HOUSING
AND COMMUNITY RENEWAL and
SOUTHBRIDGE TOWERS, INC.,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Plaintiff Kay Bourabah ("Plaintiff"), a resident of a Southbridge Towers, Inc., a "Mitchell-Lama" housing complex, see N.Y. Comp. Codes R. & Regs. tit. 9, § 1700 et seq., brings an action pursuant to 42 U.S.C. § 1983, alleging that her rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution were violated when Defendants Southbridge Towers, Inc. ("Southbridge") and the New York State Division of Housing and Community Renewal ("DHCR") (collectively, "Defendants") instituted eviction proceedings against her which will culminate in Plaintiff's removal from her current residence.  Plaintiff alleges that her constitutional rights were violated because, unlike other New York State housing regulations, the Mitchell-Lama regulations permit a non-governmental and biased entity, the landlord, to make the initial factual determinations concerning eviction.  Defendants move, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

The following material facts are undisputed for purposes of Defendants' Rule 12(b)(1)

motions, and are also taken as true for purposes of Defendants' Rule 12(b)(6) motions, as they are pleaded in the Complaint or concern proceedings of which the Court may take judicial notice. In October 2000, Plaintiffs' parents acquired cooperative shares pursuant to Mitchell-Lama regulations and accordingly moved into an apartment within Southbridge. Plaintiff's mother was soon thereafter diagnosed with cancer. Upon her parents' request, Plaintiff moved into the apartment and, in September 2003, applied for the right to succeed her parents in occupying the apartment. The parents sent a letter to Southbridge dated June 9, 2004, stating that they were relinquishing their shares to Plaintiff and, on June 21, 2004, Plaintiff's mother passed away.

On May 30, 2006, Southbridge concluded that Plaintiff was not eligible for succession because she had not cohabited with her parents in the apartment for two years before her parents transferred their shares in 2004. Plaintiff requested administrative review of Southbridge's decision by DHCR and, on April 20, 2007, DHCR affirmed Southbridge's decision; Southbridge accordingly commenced eviction proceedings in the Civil Court of the City of New York, Housing Part, on July 25, 2007.

At or around that time, Plaintiff brought an Article 78 petition in the Supreme Court of the State of New York, County of New York, against DHCR, challenging DHCR's decision as arbitrary and capricious and arguing that the regulatory procedures through which succession rights in Mitchell-Lama apartments are determined denied Plaintiff her due process rights and requesting, <u>inter alia</u>, that the regulations be declared unconstitutional and the eviction proceedings be stayed or dismissed. The state court rejected Plaintiff's arguments, dismissed her petition and entered judgment against Plaintiff on February 26, 2008.

Plaintiff appealed the decision to the Appellate Division, First Department, on April 21, 2008. On June 23, 2008, Plaintiff filed the instant complaint against Defendants, arguing that the

succession procedures violated her due process and equal protection rights under the Constitution and seeking, inter alia, injunctive relief that would permit Plaintiff to retry her succession petition under different procedures and a stay of eviction pending renewed consideration of her petition. On December 12, 2008, the Civil Court of the City of New York, County of New York, granted Southbridge possession of the apartment where Plaintiff resides and stayed execution of the warrant of eviction through January 21, 2009.

The Court has reviewed carefully the parties' submissions and concludes that Plaintiff's complaint must be dismissed for lack of subject-matter jurisdiction. According to the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction of suits "that are, in substance, appeals from state-court judgments." Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005). "Underlying the Rooker-Feldman doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." Id. at 85. Federal courts lack jurisdiction under Rooker-Feldman when four requirements are met: 1) the federal court plaintiff must have lost in state court; 2) the plaintiff must complain of injuries caused by a state court judgment; 3) the plaintiff must invite district court review and rejection of that judgment; and 4) the state court judgment must have been rendered before the district court proceedings commenced. Hoblock, 422 F.3d at 85. All four factors are present in this case: Plaintiff lost in state court when the state court entered judgment against her; the instant suit complains about regulatory procedures which the state court concluded were valid; Plaintiff invites the Court to declare the regulatory procedures unconstitutional and stay the eviction proceedings, which would essentially reverse the state court's conclusion that such remedies are unwarranted; and the state court judgment was rendered before the instant proceedings

commenced. Therefore, the Court lacks subject-matter jurisdiction of this action.[1]

For the foregoing reasons, Defendants' motions to dismiss the complaint are granted. The Clerk of Court is respectfully requested to terminate Docket Entry Nos. 8 and 17, enter judgment against Plaintiff, and close this case.

SO ORDERED.

Dated:     New York, New York
           January 9, 2009

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    United States District Judge

---

[1] Plaintiff relies generally on Gibson v. Berryhill, 411 U.S. 564 (1973), but Gibson does not preclude application of the Rooker-Feldman doctrine in this case. The federal suit in Gibson did not complain of injuries arising from the state court judgment: the state court had enjoined a corporation from practicing optometry without a license and from employing licensed optometrists, while the federal suit by individual optometrists did not seek to overturn the state court decision, but rather challenged the fairness of ongoing administrative proceedings determining whether the individuals' licenses should be revoked. See Gibson, 411 U.S. at 568-72. Moreover, Gibson only addressed the question of whether the district court should have abstained from deciding the case pursuant to the Younger abstention doctrine and did not address the contours of the Rooker-Feldman doctrine or its forbears. Nothing in Gibson may properly be read to suggest that Rooker-Feldman should not apply here.